Huang v. Lynch

BIA
Cheng, IJ
A087 638 581

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand sixteen.

PRESENT:
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

HAI HE HUANG,
        *Petitioner,*

        v.                                          14-4711
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Henry Zhang, Zhang & Associates,
                         P.C., New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney
                         General; Paul Fiorino, Senior
                         Litigation Counsel; Judith R.
                         O'Sullivan, Trial Attorney,
                         Office of Immigration Litigation,

United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai He Huang, a native and citizen of China, seeks review of a December 3, 2014, decision of the BIA, affirming a December 27, 2012, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai He Huang,* No. A087 638 581 (B.I.A. Dec. 3, 2014), *aff'g* No. A087 638 581 (Immig. Ct. N.Y. City Dec. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we review only the agency's adverse credibility determination because the BIA explicitly declined to reach the IJ's alternative burden finding. *Id*. The standards of review are well established. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

2

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Because "demeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), "[w]e give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and

3

citations omitted) (emphasis in original). Substantial evidence supports the agency's determination that Huang was not credible.

The agency reasonably relied on Huang's demeanor. The record supports the agency's conclusion that Huang gave vague and nonresponsive answers at times during his testimony. *See Jin Chen*, 426 F.3d at 113. Moreover, we can be confident of the demeanor finding because the agency's examples of inconsistent testimony bolster that finding and support the adverse credibility determination as a whole. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."); *see Xiu Xia Lin*, 534 F.3d at 166-67. First, Huang initially omitted testimony about his detention on direct and cross-examination, including that he was forced to stand and face a wall for hours during his detention only when questioned by the IJ. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are, . . . functionally equivalent.). And, although he testified that he was in a cell with three other people, he omitted that fact from his asylum application. The agency also

4

reasonably relied on an additional inconsistency in Huang's documentary evidence, noting that the household registration did not list any employment despite the fact that Huang testified and stated in his asylum application that he had operated a clothing manufacturing business from 1995 to 2007. The agency was not required to accept Huang's explanations for these omissions and inconsistencies because his explanations were themselves inconsistent and did not resolve the problems. *See Majidi*, 430 F.3d at 80.

Apart from these findings, all of which support the adverse credibility determination, the agency did make one problematic finding. The IJ found Huang nonresponsive when asked how long he had attended church in China; Huang responded that he left China in September 2008. In his brief, Huang argues that the IJ mischaracterized his testimony. Although Huang's initial response can be read as nonresponsive because he did not respond with a specific range of dates, the record when read as a whole does not support this inconsistency finding. Nevertheless, even absent this finding, the IJ's adverse credibility determination is supported by the demeanor and inconsistency findings noted above. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand

5

is futile when we can "confidently predict" that the agency would reach the same decision absent any errors).

Given the demeanor and inconsistency findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk